## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ROBERT CHAPMAN,** | ) | |
| **No. B78512** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 16−cv–01394−MJR** |
| **vs.** | ) | |
| | ) | |
| **MOLDENHAUSER, and** | ) | |
| **JOHN TROST,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

### MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Robert Chapman, an inmate currently housed in Menard Correctional Center ("Menard"), brings this *pro se* action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 2) was granted on January 6, 2017 (Doc. 4) and the initial filing fee has been paid. Plaintiff claims deliberate indifference to his serious medical condition of chronic abdominal pain and diabetes related symptoms, in violation of the Eighth Amendment.

In connection with this claim, Plaintiff sues Moldenhauser (nurse practitioner) and John Trost (doctor) in their official and individual capacities. Plaintiff only seeks monetary relief. Although Plaintiff does not explicitly seek injunctive relief, considering the nature of Plaintiff's (chronic abdominal pain and diabetes related symptoms that may require medical intervention), the Court construes Plaintiff's Complaint as including a request for injunctive relief <u>at the close of the case</u>.

1

If Plaintiff is interested in obtaining interim relief, he should file a separate motion pursuant to Rule 65(a) or (b) indicating the exact form of relief he seeks, the reasons why he seeks said relief, and the factual allegations supporting his request. He may do so at any time during the pending action.

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

### The Complaint

Between 2009 and 2016 Plaintiff has been complaining of severe pain to Menard correctional center medical staff. (Doc. 1, p. 5). Plaintiff's requests for medical care have indicated that he is in "urgent need of pain medication and treatment." *Id.* Plaintiff has filed grievances complaining about his medical treatment. *Id.* However, his grievances have been ignored. *Id.*

On May 3, 2016, Plaintiff was experiencing extreme abdominal pain in his upper right side. (Doc. 1, p. 5). The pain increased and Plaintiff began losing weight. Plaintiff submitted several requests for medical treatment that were ignored. *Id.* Eventually, Plaintiff was seen by an unidentified nurse on June 28, 2016. *Id.* Plaintiff advised the nurse that he was experiencing the following symptoms: (1) blurry vision; (2) dry mouth; (3) increased urination, (4) loss of energy; (5) swelling feet; (6) uncontrollable hand shaking; and (7) extreme abdominal pain. *Id.* The nurse indicated she would refer Plaintiff to a doctor but would not prescribe any pain medication. *Id.*

In August and September, Plaintiff was seen by Moldenhauser. (Doc. 1, p. 6). Plaintiff claims Moldenhauser refused to provide him with medical treatment and pain medication for his severe pain. (Doc. 1, p. 7). Specifically, Plaintiff states he complained of severe abdominal pain in his upper right side, stating that on a scale of 1 to 10, his pain level was a 9. (Doc. 1, p. 6). The pain was so severe Plaintiff was experiencing difficulty walking, sleeping, and engaging in daily activities. *Id.* Moldenhauser refused to examine Plaintiff and refused to prescribe pain

medication. *Id.* However, Moldenhauer did review the results of Plaintiff's diabetes tests which "were way off range" and were determined to be the cause of Plaintiff's blurry vision, extreme thirst and other complications. *Id.* Plaintiff explicitly asked Moldenhauer for "a few pain meds" and Moldenhauer directed Plaintiff to address his pain needs with Dr. Trost. *Id.*

On September 20, 2016, Plaintiff met with Dr. Trost. (Doc. 1, p. 7). Dr. Trost indicated the purpose of the exam was to check Plaintiff's blood pressure. *Id.* Plaintiff attempted to discuss the medical issues associated with his diabetes with Dr. Trost. *Id.* Dr. Trost indicated he would not discuss Plaintiff's diabetes issues because Plaintiff was only there for a blood pressure check. (Doc. 1, p. 8). Plaintiff then inquired about his severe abdominal pain. *Id.* Dr. Trost attempted to examine Plaintiff, however, the pain was so severe Plaintiff recoiled from the examination. *Id.* Plaintiff stated the pain was so severe he was unable to move or sleep normally. *Id.* Dr. Trost stated he would reexamine Plaintiff in the future if the pain continued. *Id.* Dr. Trost did not provide any pain medication or refer Plaintiff for additional tests. *Id.* As a result, Plaintiff contends Dr. Trost has been deliberately indifferent to Plaintiff's medical needs and has denied Plaintiff medical treatment. (Doc. 1, p. 9).

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into a single count. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. This designation does not constitute an opinion regarding merit.

**Count 1-** Defendants have been deliberately indifferent to Plaintiff's medical needs, in violation of the Eighth Amendment, when they failed to provide him with adequate medical care for his chronic abdominal pain and diabetes related issues.

**Count 1** shall proceed against both defendants in their individual capacities only.

The Eighth Amendment to the United States Constitution protects prisoners from cruel and unusual punishment. U.S. CONST., amend. VIII; *see also Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010).  Prison conditions that deprive inmates of basic human needs, such as inadequate nutrition, health, or safety, may constitute cruel and unusual punishment.  *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981); *see also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992). Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates deliberate indifference to the serious medical needs of an inmate.  *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997).  To establish deliberate indifference to a medical condition, a prisoner must show a condition that is sufficiently serious (objective component) and that an official acted with a sufficiently culpable state of mind in failing to address the condition (subjective component).  *Id.*  Whether an injury is serious enough is a very fact specific inquiry—seriousness may be shown if an ordinary doctor opined an injury warranted treatment, if an injury significantly impacted an individual's daily activities, or if an injury caused chronic or substantial pain, among other things.  *Id*.

As to the subjective component, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 765 (7th Cir. 2002).  If an official reasonably responds to a risk, even if harm was not averted, deliberate indifference does not exist. *Id*.  A claim for medical negligence does not amount to deliberate indifference.  *Gutierrez*, 111 F.3d at 1369.  Medical malpractice, negligence, and even gross negligence does not equate to deliberate indifference.  *Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006).  "It is not enough to show, for instance, that a doctor should have known that surgery was necessary;

rather, the doctor must know that surgery was necessary and then consciously disregard that need in order to be held deliberately indifferent." *Id*.

In the context of a deliberate indifference claim, "knowledge and intent may be pleaded generally (which is to say, in a conclusory fashion), [and] the lack of detail does not permit dismissal." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "It is enough to lay out a plausible grievance. A prisoner's statement that he repeatedly alerted medical personnel to a serious medical condition, that they did nothing in response, and that permanent injury ensued, is enough to state a claim on which relief may be granted—if it names the persons responsible for the problem." *Id*.

Objectively, Plaintiff has identified an injury serious enough to pass threshold review. He alleges that he suffered from chronic abdominal pain so severe that it limited his mobility and his ability sleep. He also reported ongoing issues pertaining to his diabetes. *See Gutierrez*, 111 F.3d at 1369 (noting that a common cold or minor asthma attack may not be serious, but that a topical skin cyst could be serious). Chronic conditions or pain typically are severe enough to constitute a serious condition for deliberate indifference purposes. *See id*. Accordingly, the Court will treat Plaintiff's pain and diabetes related medical issues as serious conditions.

Turning to the subjective component, Plaintiff alleges Moldhauser was deliberately indifferent by refusing to examine him, refusing to prescribe pain medication, and refusing to treat his ongoing diabetes related medical issues. Plaintiff alleges Dr. Trost refused to discuss Plaintiff's diabetes related medical issues, refused to prescribe pain medication, failed to follow-up with Plaintiff, and failed to refer Plaintiff for additional testing (x-rays). The Court is unable to determine at this juncture whether Defendants' actions constituted deliberate indifference. And, though it is a close call, Plaintiff has stated the bare minimum to survive screening on his

deliberate indifference claim.   Discovery may reveal that Defendants had valid reasons for refusing pain medication.   However, at this juncture, the Court cannot rule out the possibility that Plaintiff has stated a plausible claim for deliberate indifference.   Accordingly, the Complaint will be allowed to proceed against Defendants to allow further development of the factual record.

However, the Complaint will be dismissed against Defendants in so far as they are sued in their official capacities.   State agencies and state officials acting in their official capacities are not "persons" who may be sued for damages under 42 U.S.C. § 1983. *Ames v. Snyder*, No. 02 C 4043, 2002 WL 31818985, at *7 (N.D. Ill. Dec. 13, 2002) (citing *Will v. Michigan Dept. of State Police*, 491 U.S. 45, 71 (1989)). The only exception to this is where injunctive relief, rather than damages, is sought. *Will*, 491 U.S. at 71 n. 10 (citing *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1908) (stating "official-capacity actions for prospective relief are not treated as actions against the State.")).   Plaintiff's Complaint does not request injunctive relief; thus, Plaintiff may proceed against Defendants only to the extent that he is suing them in their individual capacities.

### Interim Relief

As noted above, the Court construes Plaintiff's Complaint as including a request for injunctive relief at the close of the case.   The Court does *not* construe the Complaint as including a request for interim relief.   Should Plaintiff wish to request such relief, he should file a separate motion pursuant to Rule 65(a) or (b) indicating the exact form of relief he seeks, the reasons why he seeks said relief, and the factual allegations supporting his request. He may do so at any time during the pending action.

With respect to Plaintiff's request for injunctive relief, the Clerk shall be directed to add the current Warden of Menard (Jacqueline Lashbrook) as a party Defendant, in her official capacity only. The Warden is included for the sole purpose of carrying out any injunctive relief

to which Plaintiff might ultimately be entitled, should he prevail. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out).

### Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** shall receive further review as to Defendants **MOLDENHAUSER** and **TROST** in their individual capacities only.

The Clerk is **DIRECTED t**o add the current Warden of Menard (Jacqueline Lashbrook) as a party Defendant in her official capacity only.

With respect to **COUNT 1**, the Clerk of the Court shall prepare for Defendants **MOLDENHAUSER** and **TROST**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2),   this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings.  Further, this entire matter shall be **REFERRED** to **United States Magistrate Judge Williams** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral*.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of the fact that his application to proceed in forma pauperis has been granted.   See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 7, 2017**

s/ MICHAEL J. REAGAN
**Chief Judge**
**United States District Court**