# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT CHAPMAN, | ) |
|       Plaintiff, | ) |
| vs. | ) Case No. 16-cv-1394-SMY |
| MICHAEL MOLDENHAUER, JOHN TROST, and JACQUELINE LASHBROOK | ) |
|       Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Robert Chapman, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 claiming that medical staff were deliberately indifferent in their treatment of his medical ailments. On August 26. 2019, this Court adopted Magistrate Judge Beatty's Report and Recommendation and granted Defendants' motions for summary judgment (*see* Doc. 72). Now pending before the Court is Plaintiff's Motion for Reconsideration (Doc. 74) and Motion for Leave to File Late Motion to Object to Report (Doc. 75). Plaintiff contends he failed to file a timely objection because he never received the Report. For the following reasons, the Motion for Leave is **GRANTED** and the Motion for Reconsideration is **DENIED**.

Rule 60(b) of the Federal Rules of Civil Procedure permits a party relief from a judgment for a number of reasons including mistake or "any other reason justifying relief from the operation of judgment." Fed. R. Civ. P. 60(b). However, relief under Rule 60(b) is an extraordinary remedy and is only granted in exceptional circumstances. *United States v. 8136 S. Dobson St., Chicago*

*Ill.*, 125 F.3d 1076, 1082 (7th Cir. 1997).

When neither timely nor specific objections to a Report and Recommendation are made, the Court reviews the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.,* 170 F.3d 734, 739 (7th Cir. 1999). The Court found no clear error in Judge Beatty's well-reasoned Report and adopted the Report and Recommendation in its entirety. Moreover, even if Plaintiff's objections were considered timely, a *de novo* review would yield the same result.

Plaintiff argues that Judge Beatty's findings were erroneous because there are numerous factual disputes alleged in the Complaint which, according to Plaintiff, the Court must accept as true. Specifically, Plaintiff asserts that he repeatedly complained about bloating, abdominal pain, and gas but Defendant Moldenhauer denied him access to adequate medical care resulting in unnecessary pain.[1] Prison officials have an obligation under the Eighth Amendment to provide adequate medical care to the incarcerated. *Estelle v. Gamble,* 429 U.S. 97, 103–04 (1976). A prisoner can show that this obligation has been breached by establishing, first, that the "deprivation alleged [is], objectively, sufficiently serious" and, second, that the depriving official had a "sufficiently culpable state of mind." *Vance v. Peters,* 97 F.3d 987, 991 (7th Cir. 1996) (internal quotation marks omitted) (quoting *Farmer v. Brennan,* 511 U.S. 825, 834 (1994)). This subjective element requires more than a showing of mere negligence or inadvertent error; it demands "the denial or delay of medical care" in the face of "a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm." *Vance,* 97 F.3d at 992 (explaining that Supreme Court has adopted recklessness standard used in criminal law).

Viewing the evidence in the light most favorable to Plaintiff, the Court agrees with Judge Beatty's finding that there was insufficient evidence from which a reasonable jury could conclude

---

[1] Plaintiff concedes that Defendants Trost and Lashbrook were entitled to summary judgment.

the Defendant Moldenhauer was deliberately indifferent to Plaintiff's medical needs. Moldenhauer examined Plaintiff for abdominal pain, constipation and tested him for diabetes. After informing Plaintiff that he was diabetic, Moldenhauer examined him for signs of open skin or ulcers, ordered Plaintiff medication, referred him to the diabetes chronic clinic, ordered Plaintiff to receive blood glucose tests three times a week for three weeks, and ordered Plaintiff to follow-up in two weeks. The Eighth Amendment does not demand "specific care" or the "best care possible"; rather, it requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Plaintiff may have wanted different medical treatment from Moldenhauer but that does not give rise to a constitutional claim.

Plaintiff has presented no facts or evidence warranting Rule 60(b) reconsideration of this Court's adoption of Judge Beatty's Report and Recommendation. After thoroughly reviewing the record, the Court finds Judge Beatty's factual findings and analysis to be thorough and accurate. Accordingly, Plaintiff's Motion to Reconsider is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  January 16, 2020**

**STACI M. YANDLE**
**United States District Judge**